HUGH ROURKE *v.* MINER C. STORY.

Where an employer, upon discharging an employee in a foreign land, refused to make him any payment or to grant him a passage home in the employer's ship, pursuant to the contract between them, unless he would sign a receipt in full, and accept less than the amount demanded by him; *held*, that the employee, having given such receipt while destitute of money and without other means of returning, the same should be disregarded, upon proving that his just claims were not satisfied.

A parol employment, effected by an agent, is binding upon the principal, although the former has been instructed by the latter to contract in writing only, the employee being ignorant of the instructions.

The provisions of the Code, allowing the testimony of claimants themselves in support of demands in suit, assigned by them to the plaintiff, should be fully carried out by the courts, irrespective of their views as to the policy thereof.

Rourke *v.* Story.

This was an appeal by the defendant, from a judgment rendered in the Second District Court, in favor of the plaintiff, for services performed at the Isthmus of Panama. The facts are fully detailed in the opinion.

*John Graham,* for the defendant.

*Henry P. Townsend,* for the plaintiff.

By the Court. Ingraham, First J.—The plaintiff, as assignee of Patrick McKeon, sued the defendant for services as storekeeper on the Panama Railroad, under a written agreement, by which he was to work until the 15th May. This contract, the witness, McKeon, the assignor of the claim, says, was performed; and after that time he continued for two weeks longer at $45 per month, and then two weeks longer at $55 per month.

On the 19th June, after this time had expired, McKeon signed a receipt for $176 20, which purported to be in full satisfaction of all the conditions and obligations contained in his contract with Story. This amount, the witness said, he received. He also proved the payment of $70 in a letter of credit on Story; and, according to his statement of the account, there was a balance due him, at the time of transferring the claim to the plaintiff, of $43.

On the part of the defendant it was proved that McKeon had, shortly before he was discharged, given out beans instead of rice to the native workmen, who, in consequence, refused to work for a day, and were idle, and they were paid on account of the mistake. McKeon testified that the beans were given by order of Claymore, who was employed as foreman over the others.

McKeon also explained as to the receipt, that he gave it because he was compelled to do so, as he had no means of leaving, and was refused a passage unless he would sign a receipt in full, and that, in addition to the amount in the receipt, they deducted $50 from his pay, for a fine, on account of the alleged mistake.

The justice rendered judgment for $33 80, and costs.

The claim was assigned orally to the plaintiff for $10, before the action was commenced.

The first objection to the plaintiff's recovery is, that the engagement of McKeon, by Claymore, was not binding upon the defendant.

Miller, who states that he had power to engage the men, says, that Claymore had not power to engage them without his advice. He also admits, that he was consulted about the second engagement of McKeon; and though he says he did not want to give any more wages to McKeon, he adds, "that Claymore kept McKeon, however." It nowhere appears that he dissented, except as to the wages; and his subsequent acts in permitting McKeon to remain may, with propriety, be construed as sanctioning the acts of Claymore in this engagement. The very fact of his directing that McKeon should be charged with the loss of the provisions, was a ratification of his continued employment.

It is said that Miller had no authority to employ any one, except by written agreement. The testimony of Miller shows that to have been the way in which the men were to be engaged; but it nowhere appears that Miller's authority was limited to that mode of engagement, or that he, at any time, made such directions public, but on the contrary, he says he did not, but only mentioned it to persons at the time of making engagements.

The right generally to engage men for the work could not thus be limited as between the agent and his principal, while it was concealed from those who were to be employed; and it would be sanctioning a gross fraud to hold that men employed in the ordinary way, by the defendant's agent, who had rendered the service for which they were employed, and the benefit of whose services had been reaped by the defendant, should be turned off without payment, because the principal had instructed his agent to engage the men by written agreements.

The second objection to the recovery is, that the receipt is

Rourke *v.* Story.

conclusive, and that the explanations given of it should not have been allowed.

The receipt shows that the amount paid for it to be $176 20, which, with the $70 in the letter of credit, make $246 20 as the cash paid to McKeon for his services, while the amount due him for his services was $290, leaving unpaid $43 80. This appears from the papers, without any explanations of the receipt. I consider it to be well settled, that a receipt in full is not conclusive evidence of full payment, and that payment of part of a debt, although acknowleged to be in full of the whole, is not conclusive as to the residue. It is open to examination, and although it is *prima facie* evidence of a settlement, yet when it is made clearly to appear that a full settlement was not in fact made, and that the receipt was obtained without the free assent of the creditor, it is not a bar to the recovery of the balance. (See the various cases cited on this point in Cow. & Hill's Notes on Phillips' Ev. pp. 213, 214.)

The mode in which this receipt was taken also permits of its being opened by parol testimony. McKeon was in a foreign land, in the employ of the defendant, from which he had been discharged, and without the means of living there or of securing his passage home, unless by obtaining money from the defendant's agent. The defendant's refusal to bring him home in his vessel, as the contract provided, unless he signed the receipt, was, under such circumstances, equivalent to duress by imprisonment. The case is very similar to that of sailors who are often refused the pay due them until they sign receipts in full for less than their actual wages. The cases are numerous where such settlements are not held to be conclusive.

There may be some hardship in suffering the assignor to be the witness to prove the claim to be recovered. This is not the first case in which such an objection has been made, or in which the provision in the Code, allowing such an examination, has the appearance of operating injuriously on the defendant's rights. It is not, however, for the courts to reject such testimony, when allowed by law. Many cases have

come before us, in which the evil effects of this provision have been apparent, and in some cases instances where much greater injustice has been perpetrated under it than in the present case. But so long as it is the law of the land, the courts cannot disregard it, or refuse to permit the assignor to be a witness. The remedy for the evil, where it exists, is with the legislature and not with the courts.

Judgment affirmed.